UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEROME C. RUZICKA, SCOTT A. NELSON, W. JEFFREY TAYLOR, LAWRENCE W. MILLER, and LAWRENCE T. HAGEN,<br><br>Defendants. | Criminal No.  16-246 (JRT/FLN)<br><br>**MEMORANDUM OPINION AND ORDER** |

Gregory G. Brooker, Interim United States Attorney, and Benjamin F. Langner, Lola Velazquez-Aguilu, and Surya Saxena, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN  55415, for plaintiff.

John C. Conard, **JOHN C. CONARD PLLC**, 310 Fourth Avenue South, Suite 5010, Minneapolis, MN  55415, for defendant Jerome C. Ruzicka.

Casey T. Rundquist and William J. Mauzy, **MAUZY LAW PA**, 800 Hennepin Avenue, Suite 800, Minneapolis, MN  55403, for defendant W. Jeffrey Taylor.

Paul C. Engh, 200 South Sixth Street, Suite 420, Minneapolis, MN  55402, for defendant Lawrence W. Miller.

Kevin J. Short, 150 South Fifth Street, Suite 3260, Minneapolis, MN  55402, for defendant Lawrence T. Hagen.

Defendants Jerome Ruzicka, W. Jeffrey Taylor, Lawrence Miller, and Lawrence Hagen have been charged in connection with the alleged embezzlement of funds from Starkey Laboratories.  The Court addressed the parties' Motions in Limine in a

Memorandum Opinion and Order issued January 11, 2018. (Mem. Op. & Order ("MILs Order"), Jan. 11, 2018, Docket No. 308.) However, the Court deferred ruling on a motion to exclude certain evidence: (1) bonuses, employment contracts, compensation packages, or insurance contracts awarded to female employees to quell harassment complaints against William Austin and Brandon Sawalich; (2) Austin's divorce settlement; and (3) defective hearing aids donated to impoverished individuals in other countries. (*Id.* at 10-11.) The Court ordered Defendants to produce the evidence they believed should be admitted for *in camera* review. The Court has reviewed the evidence *in camera* and makes the following conclusions.

The Court finds that the evidence of the harassment complaints is relevant to determining why Miller received the alleged "loyalty" bonus and to Ruzicka's alleged intent to defraud Starkey. (*See* Third Superseding Indictment ¶ 45, Jan. 8, 2018, Docket No. 298; Gov. Tr. Mem. at 7, Dec. 14, 2017, Docket No. 243.) The Court acknowledges that this evidence is highly prejudicial but believes that at least some of it is necessary for Miller's and Ruzicka's defenses. *See* Fed. R. Evid. 403. The Government may object to specific evidence or testimony at trial. Accordingly, the Court will deny the Government's motion to exclude evidence of harassment complaints against William Austin and Brandon Sawalich.

The Court finds that the evidence of the settlement between William Austin and his former wife Cynthia Lee Dawson-Austin is relevant as impeachment evidence. The evidence at issue relates to an employment dispute, not a divorce case as described by the

Government.[1]  Cynthia Lee Dawson-Austin brought claims against William Austin for – among other things – fraud, breach of fiduciary duty, breach of implied contract, and breach of implied covenant of good faith and fair dealing.  Defendants have produced evidence suggesting that William Austin may have lied under oath during that action and that at least one business refused to interact with Austin because he failed to disclose the action.  The Court concludes that this evidence is, at a minimum, admissible for impeachment purposes.  See Fed. R. Evid. 608(b).  Accordingly, the Court will deny the Government's motion to exclude Austin's divorce settlement.

The Court finds that evidence that William Austin donated defective hearing aids is highly prejudicial.  See Fed. R. Evid. 403.  Defendants argue that this evidence is relevant because it shows Austin's knowledge of Archer Consulting and that it should also be admitted to impeach Austin.

The Court agrees with Defendants that they should be allowed to present evidence that William Austin sourced parts for donated hearing aids from Archer Consulting.  The Court finds the fact that certain parts were sub-specification is probative of why Archer Consulting was used to source the parts.  However, the Court finds that it is not necessary to establish that the parts or the donated hearing aids are "defective" in order to draw this connection, and that referring to the products as "defective" is prejudicial.  Defendants

---

[1] Defendants acknowledge that there was a separate divorce action between Cynthia Dawson-Austin and Bill Austin.  Defendants have agreed not to introduce evidence related solely to the divorce.

may therefore offer evidence that refers to the parts as sub-specification and the donated hearing aids as containing such parts, but may not refer to them as "defective."

The Court does not agree that donating hearing aids containing sub-specification parts – by itself – is relevant as impeachment evidence. However, the Court finds that evidence as to whether Austin misreported his income taxes is relevant as impeachment evidence. *See* Fed. R. Evid. 608(b). Defendants have produced statements by Austin that he did not believe that the donated hearing aids were worth full market value because they contained sub-specification parts. The Court therefore finds that the factual predicates of the tax returns are established, and will allow Defendants to impeach William Austin with his tax returns. *See* Fed. R. Evid. 104.

Accordingly, the Court will grant the Government's motion to exclude evidence that Austin donated "defective" hearing aids to the extent that Defendants may not refer to either sub-specification parts or the donated hearing aids as "defective." However, Defendants may refer to the donated hearing aids as containing sub-specification parts and argue that the hearing aids were worth less than full market value.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Government's Motion in Limine [Docket No. 244] is **GRANTED in PART and DENIED in PART** as follows:

1. Government's motion to exclude evidence related to harassment complaints against Austin and Sawalich is **DENIED**.

-5-

2. Government's motion to exclude evidence related to Austin's divorce settlement is **DENIED**.

3. Government's motion to exclude evidence about defective hearing aids is **GRANTED** to the extent consistent with this Opinion and Order.

DATED: January 12, 2018　　　　　　　　_____s/John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　United States District Court