UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEROME C. RUZICKA, SCOTT A. NELSON, W. JEFFREY TAYLOR, LAWRENCE W. MILLER, and LAWRENCE T. HAGEN,<br><br>Defendants. | Criminal No. 16-246 (JRT/FLN)<br><br>MEMORANDUM OPINION AND ORDER |

John C. Conard, **JOHN C. CONARD PLLC**, 310 Fourth Avenue South, Suite 5010, Minneapolis, MN  55415, Alexander C. Kopplin, **WARD KOPPLIN, PLLC**, 227 Colfax Avenue North, Suite 200, Minneapolis, MN  55405, and Daniel R. Burgess, **BURGESS LAW, LLC**, 310 Fourth Avenue South, Suite 5010, Minneapolis, MN  55415, for defendant Jerome C. Ruzicka.

Defendants Jerome Ruzicka, W. Jeffrey Taylor, Lawrence Miller, and Lawrence Hagen are standing trial in connection with the alleged embezzlement of funds from Starkey Laboratories. Ruzicka was the President of Starkey. In 2006, Ruzicka and Defendant Scott Nelson created Northland Hearing Centers, Inc., and transferred retail hearing aid stores to it from Northland LLC, a company owned by Starkey's CEO and majority shareholder, Bill Austin. They allegedly did so without Austin's knowledge or approval. As part of the transaction, Ruzicka and Nelson issued 100,000 shares of stock

in Northland Hearing, granting 49 percent to Starkey and 51 percent to themselves and a third executive. In 2013, Ruzicka and Nelson allegedly caused Northland Hearing to purchase their stock, again allegedly without Austin's knowledge.[1] Ruzicka has now issued a subpoena to Starkey requiring disclosure of certain documents that were prepared annually for the two trustees of Northland Hearing's Employee Stock Ownership Plan – Ruzicka and Austin – and moved the Court to order Starkey to comply. Because the documents are relevant and admissible and Ruzicka has identified them with adequate specificity, the Court will order Starkey to disclose them.

### BACKGROUND

On November 27, 2017, Ruzicka served a series of subpoenas duces tecum on Starkey, which Starkey moved to quash. (Sealed First Decl. of David B. Olsen ¶ 2, Ex. A at 2, Dec. 1, 2017, Docket No. 213; Sealed Mot. to Quash, Dec. 1, 2017, Docket No. 211.) As relevant here, Ruzicka requested "[t]he business valuations report of Starkey and Northland performed annually by Chartwell for the years 2004–present." (*See* Sealed Order at 4, Dec. 13, 2017, Docket No. 229.) At the hearing on the motion, Magistrate Judge Franklin Noel stated that Ruzicka's argument "clearly suggested" that "he has in mind specific documents that he can identify that might meet these standards but has failed to do so in the subpoenas as they are drafted." (Dec. 7 Hr'g Tr. at 49:3-14,

---

[1] (3d Superseding Indictment ¶¶ 3, 7, 36-43, Jan. 8, 2018, Docket No. 298.) *See generally United States v. Ruzicka*, No. 16-246, 2018 WL 385422, at *1-2 (D. Minn. Jan. 11, 2018).

Jan. 3, 2018, Docket No. 289.) Thus, the Magistrate Judge granted Starkey's motion to quash with regard to the request for the Chartwell reports. (Sealed Order at 11.)

On February 4, 2018, Ruzicka served another subpoena duces tecum on Starkey seeking the same valuation reports, but providing additional details about them. (Decl. of John C. Conard ¶ 2, Ex. 1 at 2-3, Feb. 5, 2018, Docket No. 339.) Specifically, Ruzicka's subpoena seeks to compel production of the following documents:

1. 2005 Chartwell certification.
2. 2006 Chartwell valuation report and certification.
3. 2007 Chartwell valuation report and certification.
4. 2008 Chartwell certification.
5. 2009 Chartwell valuation report and certification.
6. 2010 Chartwell certification.
7. 2011 Chartwell valuation report and certification.
8. 2012 Chartwell valuation report and certification.
9. 2013 Chartwell valuation report and certification.
10. 2014 Chartwell valuation report and certification.

(*Id.* at 3.) Ruzicka states that the valuation reports were prepared for the trustees, including Austin, and the certifications verify that the trustees receive, read, and agreed with the reports. (Mem. Supp. Expedited Subpoena at 2, Feb. 4, 2018, Docket No. 338.) Presumably in light of Starkey's previously-successful motion to quash, Ruzicka has asked the Court to order Starkey to comply with the subpoena. (*Id.* at 11.)

## DISCUSSION

Parties in a criminal matter may use Rule 17(c) to subpoena from third-party witnesses "books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). Rule 17(c) was not intended as a discovery device. *United States v. Nixon*, 418 U.S. 683, 698 (1974); *Bowman Dairy Co. v. United States*, 341 U.S.

214, 220 (1951). "[A] party must request a document with adequate specificity and show that the requested document is relevant and admissible." *United States v. Stevenson*, 727 F.3d 826, 831 (8th Cir. 2013); *Nixon*, 418 U.S. at 700. This standard has now been met. Although "[h]ope cannot justify a fishing expedition," (Sealed Order at 9, Jan. 8, 2018, Docket No. 297), Ruzicka now submits that he has found something specific. As such, the Court will allow the production.

First, the Court finds that the requested documents are highly relevant. A crucial issue at trial is whether Austin knew about Ruzicka's actions regarding Northland Hearing. Ruzicka argues that the documents will be highly probative of that issue because they will tend to show that Austin (who certified as a trustee that he received, reviewed, and accepted the reports) knew about the 2006 stock issuance and subsequent 2013 purchase of Ruzicka's shares. Based on the contents of the already-disclosed reports, Ruzicka posits that the other reports to the trustees – the 2006 and 2013 reports in particular – are highly likely to contain information about the ownership structure of Northland Hearing and the nature of the transactions at issue. The Court agrees.[2]

Second, the Court finds that requested documents are admissible. Several reports have already been accepted into evidence under the exception to the hearsay rule for business records, Fed. R. Evid. 803(6), and the requested reports would be as well.

---

[2] The Court affirms that its Order denying Ruzicka's motion to permit introduction of evidence about Austin's duty of care is still in effect, and clarifies that the Order applies with equal force to fiduciary duties owed to Northland Hearing as trustee of its Employee Stock Ownership Plan or otherwise. *See Ruzicka*, 2018 WL 385422, at *6.

Third, the Court finds that Ruzicka has identified the requested documents with adequate specificity. "The relevance and specificity elements 'require more than the title of a document and conjecture as to its contents,' and a subpoena should not issue based upon a party's 'mere hope' that it will turn up favorable evidence." *Stevenson*, 727 F.3d at 831 (quoting *United States v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996)). Crucially, unlike before, Ruzicka has now provided more than the title of the documents and mere conjecture as to their contents. As above, the Court agrees with Ruzicka that the other reports – the 2006 and 2013 reports in particular – are highly likely to contain probative information about Austin's knowledge of the stock transactions at issue. Because Ruzicka has identified specific material likely to be contained within the documents, the Court finds that he has now provided the requisite specificity to compel production.

Finally, the Court does not believe that production of the requested documents will be "unreasonable or oppressive" for Starkey. Fed. R. Crim. P. 17(c)(2). As above, the documents are highly relevant, and the fact that Starkey already found and produced four reports suggests that the burdens of production are relatively light. *United States v. Hardy*, 224 F.3d 752, 756 (8th Cir. 2000). Thus, the Court will order Starkey to comply with Ruzicka's subpoena and produce the requested documents.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Starkey Laboratories, Inc., shall comply with Defendant Jerome Ruzicka's Expedited Subpoena for Trustee Documents. Starkey shall provide the

-6-

specific documents to defendant Ruzicka's counsel no later than 5:00 p.m. on Wednesday, February 07, 2018.

DATED:  February 7, 2018            _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                                            Chief Judge
                                         United States District Court