UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>JEROME C. RUZICKA, SCOTT A. NELSON, W. JEFFREY TAYLOR, LAWRENCE W. MILLER, and LAWRENCE T. HAGEN,<br><br>   Defendants. | Criminal No.  16-246 (JRT/FLN)<br><br>**MEMORANDUM OPINION AND ORDER** |

Gregory G. Brooker, Interim United States Attorney, and Benjamin F. Langner, Lola Velazquez-Aguilu, and Surya Saxena, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN  55415, for plaintiff.

John C. Conard, **JOHN C. CONARD PLLC**, 310 Fourth Avenue South, Suite 5010, Minneapolis, MN  55415, for defendant Jerome C. Ruzicka.

Casey T. Rundquist and William J. Mauzy, **MAUZY LAW PA**, 800 Hennepin Avenue, Suite 800, Minneapolis, MN  55403, for defendant W. Jeffrey Taylor.

Paul C. Engh, 200 South Sixth Street, Suite 420, Minneapolis, MN  55402, for defendant Lawrence W. Miller.

Kevin J. Short, 150 South Fifth Street, Suite 3260, Minneapolis, MN  55402, for defendant Lawrence T. Hagen.

On February 27, 2018, the Court issued an order requiring the Government to correct two instances of false testimony consistent with its obligations under *Napue v. Illinois*, 360 U.S. 264, 269 (1959).  (Mem. Op. & Order ("*Napue* Order"), Feb. 27, 2018,

Docket No. 377). Subsequently, in keeping with the Court's ruling on the Government's Motion for Reconsideration, the Government called back two witnesses – FBI Special Agents Brian Kinney and Matt Snell – to testify about issues identified in the Court's *Napue* Order. Based on the testimony of these Government agents and related documentary evidence, the Court found that William Austin provided false testimony with respect to those issues. Accordingly, the Court struck the false statements.

Based on the Government's good-faith representations that it is not aware of any other false testimony implicating *Napue*, the Court concludes that the Government has complied with its obligation to correct false testimony. *See* 360 U.S. at 269. Because the Court struck Austin's false testimony and ordered the jury not to consider this testimony, the Court concludes that the potential constitutional violation identified in the *Napue* Order has been remedied. *Id.*

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the *Napue* violation identified in the Court's Memorandum Opinion and Order [Docket No. 377] is **REMEDIED**.

DATED: March 5, 2018            _____s/John R. Tunheim_____  
at Minneapolis, Minnesota.            JOHN R. TUNHEIM  
                                                              Chief Judge  
                                                 United States District Court