# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 16-246(1) (JRT/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| JEROME C. RUZICKA and<br>W. JEFFREY TAYLOR, | |
| Defendants. | |

Erica H. MacDonald, United States Attorney, and Benjamin F. Langner and Surya Saxena, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

John C. Conard, **JOHN C. CONARD PLLC**, 310 Fourth Avenue South, Suite 5010, Minneapolis, MN 55415, for defendant Jerome C. Ruzicka.

Casey T. Rundquist and William J. Mauzy, **MAUZY LAW PA**, 800 Hennepin Avenue, Suite 800, Minneapolis, MN 55403, for defendant W. Jeffrey Taylor.

Defendant Jerome C. Ruzicka brings a Motion to Amend a previous Motion for a New Trial, highlighting newly discovered evidence.[1] Ruzicka was alleged to have engaged in a conspiracy to defraud hearing-aid companies Starkey Laboratories, Inc. ("Starkey"), and Sonion A.S, and was found guilty on several counts. He brought several motions

---

[1] W. Jeffrey Taylor, another defendant in this matter, filed a Motion to Join Ruzicka's Motion to Amend, which the Court granted. (Criminal No. 16-246(3), Order Granting Mot. for Joinder, Nov. 30, 2018, Docket No. 576.)

seeking a new trial, which the Court has already ruled upon, and now seeks to amend one of his previous motions. Because Ruzicka has not shown that a new trial is warranted based on his newly discovered evidence, the Court will deny the Motion.

**BACKGROUND**

**I.     PROCEDURAL BACKGROUND**

This case has a long and complicated history. The Court previously summarized the factual allegations in its order on the parties' motions in limine. *United States v. Ruzicka*, No. 16-246, 2018 WL 385422, at *1-2 (D. Minn. Jan. 11, 2018). After a jury trial, Ruzicka was found guilty of four counts of mail fraud, three counts of wire fraud, and one count of making and subscribing a false tax return. (Verdict, Mar. 8, 2018, Docket No. 417.)

After trial, Ruzicka filed several motions for, seeking a new trial for a variety of reasons. One of the most significant reasons, which was highlighted throughout the various motions, was the highly questionable testimony of William Austin, Starkey's CEO. For instance, Ruzicka sought a new trial based on an alleged miscarriage of justice. (Mot. for New Trial to Avoid a Miscarriage of Justice, Apr. 12, 2018, Docket No. 442.) He argued that his convictions should not stand because they were based largely on the "fundamentally incredible" testimony of William Austin. (*Id*. at 2.) The Court agreed that Austin's testimony was not credible. (Mem. Op. and Order Denying Post-Trial Motions ("Post-trial Order") at 23, Sept. 7, 2018, Docket No. 542.) Nevertheless, the Court denied the motion because there was "sufficient other evidence" to support the verdict. (*Id.*)

Ruzicka also requested a new trial based on alleged *Brady* violations by the United States. (Mot. for New Trial, June 13, 2018, Docket No. 489.) He claimed that the United States improperly withheld information related to (1) a prior FBI investigation into "stolen antiquities" that ended up with Starkey, and (2) one of Starkey's employees, Brandon Sawalich, telling the FBI that one of these items, a letter signed by General Ulysses S. Grant, was given to Ruzicka, who did not pay Starkey for it. (*Id.* at 3-4.) Ruzicka argued that these omissions were a violation of *Brady's* disclosure requirements because the letter constituted "non-traditional compensation" and whether Starkey had a practice of giving such compensation was important to Ruzicka's defense. (*Id.* at 4–5.) At trial, Austin explicitly testified that Starkey did not provide non-traditional compensation. (Trial Tr., Vol. XIII ("Tr.") at 155–56, July 13, 2018, Docket No. 507.)

In denying his motion, the Court first noted that *Brady* does not require disclosure of information "when the defendant otherwise has access to the source of the material or the material is cumulative of other evidence already available to the defendant." (Post-trial Order at 53.) Because Ruzicka had personal knowledge that he had received the gift without paying for it, the information did not constitute *Brady* material. The Court further stated:

> Moreover, the Court concludes that disclosure of the evidence would not have resulted in a different verdict. Ruzicka . . . questioned Austin extensively about Starkey's award of bonuses, loans, and other non-traditional forms of compensation, including Ruzicka's house. Ruzicka impeached Austin with various agreements he made with employees. The jury was provided with ample impeachment evidence about non-traditional forms of compensation provided to Starkey employees, including Ruzicka. And Austin's credibility more generally was

repeatedly called into question. The Court concludes that Sawalich's statement about the Grant letter was cumulative of this evidence and does not create a "reasonable probability" of a different result such that confidence in the verdicts is undermined.

(*Id.* at 54 (transcript citations omitted).)

## II. PENDING MOTION

Ruzicka now seeks to amend his previous motion for a new trial.[2] (Mot. to Amend/Correct Mot. for a New Trial ("Mot. to Am."), Nov. 29, 2018, Docket No. 573.) Ruzicka states that he has found "new evidence that Austin falsified his testimony in yet another important instance regarding non-traditional compensation." (*Id.* at 1.) In essence, he claims that Austin bought an expensive house in Maple Grove from an employee in 1982, and then traded that house for Ruzicka's starter home, resulting in a windfall for Ruzicka. (*Id.* at 10.) Evidence of this transaction comes in two forms. First, a sworn statement by David T. Richard, the Starkey employee who sold his Maple Grove house to Austin. (*Id.*, Ex. 1 ("Richard Decl."), Nov. 29, 2018, Docket No. 573-1.) Second, Ruzicka submits real estate records showing the various transfers of property. (Mot. to Am. at 11, Exs. 2, 3, Nov. 29, 2018, Docket Nos. 573-2, 573-3.)

---

[2] He also asks the court to hold a hearing on the issue, and to stay sentencing while the Court considers the Motion. (Mot. to Amend at 18.) Because the Court can decide the issue without a hearing, the Court will deny Ruzicka's request for a hearing and for a stay of sentencing. *See United States v. Dogskin*, 265 F.3d 682, 687 (8th Cir. 2001) ("Absent exceptional circumstances, a motion for new trial based on newly discovered evidence may be decided on affidavits without a hearing.")

The facts proving this real estate transaction are significant, Ruzicka argues, because they prove that Austin lied about the transaction during cross-examination. On cross, Austin stated that he didn't "recall giving [Ruzicka] a house" and that he didn't believe he had "ever owned a house in Maple Grove." (Tr. at 156.) Ruzicka contends that Austin's lies on this matter warrant a new trial for two reasons. First, Austin's lie went to a fundamental issue and impermissibly misled the jury because the United States' case relied in large part on the idea that Starkey did not have a custom of non-traditional compensation, and a gift of a house would constitute non-traditional compensation. Second, the Court should have no confidence in the jury verdict because the jury could not have convicted without crediting Austin's testimony, and these lies further erode his credibility. He asks the Court to "consider the likelihood that the cumulative effect of all this impropriety resulted in a jury verdict that would not have been rendered in an honest, fair, and upright trial." (Mot. to Am. at 1.)

## DISCUSSION

The first question the Court must answer is how to treat the Motion to Amend. The United States argues that the Court should reject Ruzicka's attempt to retroactively attach the present Motion to the original motion for a new trial, and instead treat the present Motion as a motion for a new trial based on newly discovered evidence. Ruzicka responds that the present Motion is more accurately considered a Motion to Amend his previous motion because he has consistently, throughout the trial and post-trial motions, brought up

Austin's perjury. The present Motion simply "presents the Court with an additional example" of it. (Def.'s Reply at 2, Dec. 10, 2018, Docket No. 600.)

Most motions for new trials must be brought within fourteen days. Fed. R. Crim. P. 33(b)(2). These motions may be granted "where the evidence presented weighs heavily enough against the verdict that the court believes a miscarriage of justice may have occurred." *United States v. Hilliard*, 392 F.3d 981, 987 (8th Cir. 2004) (quotation omitted).

Motions for new trials based on newly discovered evidence are not subject to the fourteen-day rule and may be filed up to 3 years after a verdict. Fed. R. Crim. P. 33(b)(1). However, they are subject to a different standard of review. Defendants seeking a new trial based on newly discovered evidence must prove that:

> "(1) the evidence [was] unknown or unavailable to the defendant at the time of trial; (2) the defendant [was] duly diligent in attempting to uncover it; (3) the newly discovered evidence [is] material; and (4) the newly discovered evidence [is] such that its emergence probably will result in an acquittal upon retrial."

*United States v. Baker*, 479 F.3d 574, 577 (8th Cir. 2007) (quotation omitted). Thus, a defendant must show not only that the new evidence warrants a new trial, but that he or she was diligent in searching for that new evidence.

Neither side cites legal authority regarding when a court should allow a party to amend a motion for a new trial, particularly when the court has already ruled on the original motion. Because the present motion is based on "new evidence that Austin falsified his testimony," (Mot. to Am. at 1), the Court will use its discretion to deny the Motion to

Amend and will instead treat it as a motion for a new trial based on newly discovered evidence.

In arguing that he should be allowed to amend his prior motion, Ruzicka has run into a catch-22. On the one hand, he cannot claim that he knew of the evidence supporting the alleged real estate transactions at the time of trial. To the contrary, he admits that he did not have the supporting documents or affidavit when he filed his first motion.[3] (*Id.* at 2.) On the other hand, Ruzicka cannot admit that the Richard affidavit and supporting documents are newly discovered evidence because doing so would subject his motion to a heightened standard.

To avoid either outcome, he argues that his Motion to Amend simply "presents the Court with an additional example of the issue that has rested at the heart of this case since its beginning," Austin's perjury. (Def.'s Reply at 2.) Because he already brought a motion pertaining to Austin's perjury, the argument goes, he should be allowed to amend that motion to include the lies about the real estate transaction.

The Court finds two things particularly instructive in rejecting this argument. First, Ruzicka's own words. His Motion to Amend consistently refers to the Richard affidavit and real estate documents as newly discovered evidence. Indeed, his heading introducing the new facts is labeled "New Evidence." (*Id.* at 10.) He clearly acknowledges that the Richard affidavit and supporting documents are newly discovered evidence.

---

[3] If he did have the Richard affidavit and the supporting documents when he filed his original motions, there would be no grounds to amend now.

Second, and more importantly, allowing Ruzicka to amend would allow him to evade the newly discovered evidence standard, undercutting its purpose. Motions for a new trial based on newly discovered evidence are disfavored. *Baker*, 479 F.3d at 577. The rigorous standard applied to these motions impresses on a defendant the responsibility to fully investigate his or her case before trial, in order to have all of the defenses and arguments aired at once before a jury so that the jury may consider them. It is precisely for situations like this, where a defendant presents new evidence to a court that could've been presented to the jury and asks the court to step into the shoes of the jury, that the standard exists.

Treating Ruzicka's Motion as one for a new trial based on newly discovered evidence, it is clear that the Motion must be denied. Ruzicka presents no real arguments in this regard, nor could he.[4] He fails to show that the evidence was unknown and unavailable to him at the time of trial. He was obviously aware of the real estate transaction, as he was the alleged recipient of the house. He was also aware that the real estate documents existed, as he himself is named in some of them. Furthermore, Ruzicka fails to show that he was diligent in trying to uncover this evidence. He was or should have been aware that Richard was a potential witness, as the real estate documents show that the

---

[4] Ruzicka makes a conclusory argument that "Mr. Richard was not available to Mr. Ruzicka as a witness because he was employed by Starkey and represented by its counsel." (Mot. to Amend at 11, note 2.) However, this argument is nonsensical, as represented individuals may be deposed and forced to testify. Additionally, even if Richard were unavailable, the supporting documents are matters of public record, and were available to Ruzicka.

Maple Grove house was transferred directly from Richard to Ruzicka.  The fact that Ruzicka has apparently not pieced together this evidence until now does not suffice to meet the *Baker* test.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Ruzicka's Motion to Amend his Motion for a New Trial [Docket No. 573] is **DENIED**.

DATED:  December 14, 2018 _____s/John R. Tunheim_____
at Minneapolis, Minnesota. JOHN R. TUNHEIM
Chief Judge
United States District Court