# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>v.<br><br>JEROME C. RUZICKA,<br><br>                          Defendant. | Criminal No. 16-246(1) (JRT/SER)<br>Criminal No. 16-246(3) (JRT/SER)<br><br>**ORDER** |

Erica H. MacDonald, United States Attorney, and Benjamin F. Langner, Craig R. Baune, and Surya Saxena, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

John C. Conard, **JOHN C. CONARD PLLC,** 310 Fourth Avenue South, Suite 5010, Minneapolis, MN 55415, for defendant.

Defendant Jerome C. Ruzicka was found guilty after a jury trial of four counts of mail fraud, three counts of wire fraud, and one count of making and subscribing a false tax return. (Verdict, Mar. 8, 2018, Docket No. 417.) Ruzicka now brings this Motion for a New Trial, alleging that the United States improperly withheld *Brady* material. (Mot. for New Trial, Jan. 29, 2019, Docket No. 642.)

## BACKGROUND

The facts of this case are fully laid out in the Court's prior post-trial orders, *see, e.g.*, *United States v. Ruzicka*, 333 F. Supp. 3d 853 (D. Minn. 2018), and the Court will not repeat them here. Pertinent to the present motion is the trial testimony of Scott Nelson. Nelson was one of five individuals, including Ruzicka, charged with participating in an

expansive scheme to defraud Ruzicka's and Nelson's former employer, Starkey Laboratories, Inc. ("Starkey"). (Indictment ¶ 1, Sept. 21, 2016, Docket No. 1.) Nelson was alleged to have—among other things—conspired with Ruzicka to defraud Starkey out of millions of dollars and in the process caused Starkey "to purchase a condominium for his own exclusive use, including to carry out a clandestine personal relationship with another Starkey employee." (*Id.* ¶¶ 53–55.)

Nelson eventually pleaded guilty and agreed to assist the United States in the investigation and prosecution of his co-defendants, including truthfully testifying at any eventual trial. (Crim. No. 16-246, Plea Agreement at 11-12, Dec. 19, 2017, Docket No. 266.) The Court accepted Nelson's guilty plea at a hearing on December 19, 2017, during which Nelson attested that no one had promised him anything in exchange for his plea or attempted to coerce him to plead guilty. (*Id.*, Tr. of Change of Plea Hearing at 27:17–24, Jan. 3, 2018, Docket No. 287.)

Nelson's co-defendants, including Ruzicka, later went to trial. During the trial, Nelson testified extensively over the course of three days. In doing so, he provided significant testimony against Ruzicka, and the Court found Nelson's testimony critical to at least one of the counts of which Ruzicka was convicted. *Ruzicka*, 333 F. Supp. 3d at 872. During the trial Nelson was subject to cross-examination, and, notably, Ruzicka's counsel did not ask Nelson any questions about his supposed affair. At the end of cross-examination, Ruzicka and counsel thanked Nelson for his honesty. (*See* 2/19/2018 Trial Tr. Vol. XVIII at 4499, July 13, 2018, Docket No. 525.)

Ruzicka was convicted of eight counts. On January 29, 2019, he filed this Motion for New a Trial, alleging that the United States committed a *Brady* violation and that this violation warrants a new trial. Ruzicka claims that a credible witness recently informed him that the Assistant United States Attorneys ("AUSAs") who prosecuted his case improperly threatened Nelson before trial to coerce Nelson to cooperate and plead guilty. (Mot. for New Trial at 2.) This witness supposedly has "access to first hand knowledge" that the AUSAs accosted Nelson with the details of his affair and informed him that if he failed to cooperate they would make the information "public and highly visible." (*Id.*) Ruzicka argues that this threat should have been disclosed to him before trial.

## ANALYSIS

"The decision of whether to grant or deny a new trial motion based on newly discovered evidence is governed by different standards which depend, in large part, on the amount of prosecutorial misconduct, if any, that occurred in the underlying case." *United States v. Duke*, 50 F.3d 571, 576 (8th Cir. 1995). If the prosecution did not know of, or have reason to know of, the evidence used to support the motion for a new trial, the Court applies a substantive standard that includes five prerequisites:

> (1) the evidence must have been discovered after the trial;
> (2) the failure to discover the evidence must not be attributable to a lack of diligence on the part of the petitioner;
> (3) the evidence must not be merely cumulative or impeaching;
> (4) the evidence must be material; and
> (5) the evidence must be likely to produce an acquittal if a new trial is granted."

*English v. United States*, 998 F.2d 609, 611 (8th Cir 1993).

"A standard more favorable to the defendant is applied, however, if a *Brady* violation has occurred." *Duke*, 50 F.3d at 577. In *Brady v. Maryland*, the Supreme Court held that the prosecution's failure to disclose evidence that is both favorable to the accused and material to the accused's guilt or punishment violates due process. 373 U.S. 83, 87 (1963); *see also United States v. Kime*, 99 F.3d 870, 882 (8th Cir. 1996). *Brady* applies to evidence impeaching the credibility of prosecution witnesses as well as to exculpatory evidence. *Id.* (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)). The United States also has a duty to "disclose matters that affect the credibility of prosecution witnesses." *United States v. Morton*, 412 F.3d 901, 906 (8th Cir. 2005).

In order to establish a *Brady* violation, Ruzicka must show that "(1) the evidence at issue is material and favorable to the defendant; (2) the evidence was suppressed by the government; and (3) the defendant was prejudiced by the suppression." *United States v. Parker,* 267 F.3d 839, 846 (8th Cir. 2001).

The Court declines to find a *Brady* violation here for several reasons. First and foremost, Ruzicka has offered only unsubstantiated allegations. He has declined to provide the name of the witness and has not explained how the witness came to know of the alleged threat. He has also failed to provide any specifics about the threat, including when it was made or what exactly was said. Instead, he relies on the mere assertion that a threat was made and that Nelson felt threatened. Thus, in attempting to analyze whether the failure to disclose this alleged threat to Ruzicka before trial violated *Brady*, the Court is forced to rely on pure speculation as to what may have happened. The Court declines to do so.

Further, even if the Court took Ruzicka's unsubstantiated allegations as true, Ruzicka has not shown prejudice. Evidence is prejudicial under *Brady* when "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Duke*, 50 F.3d at 577; *see also Kyles v. Whitley*, 514 U.S. 419, 437–38 (1995).

Ruzicka's arguments focus on the AUSAs' concealment of the threat despite their burden to disclose it. However, Ruzicka does not explain how the outcome of the trial would have been different had the threat been disclosed. He vaguely asserts that, because the jury relied on Nelson's testimony in its verdict, "the fact that he was testifying under a threat . . . would have been a sea change." (Mot. for New Trial at 5.) But Ruzicka does not allege that the AUSAs threatened Nelson in order to elicit false testimony by Nelson. Nor does he allege that Nelson testified falsely as a result of the alleged threat. Indeed, in cross examining Nelson, Ruzicka underscored the truthfulness of Nelson's testimony. Ruzicka only alleges that Nelson agreed to cooperate because of the threat.[1] Without more specific arguments, Ruzicka leaves the Court to hypothesize as to how the outcome of the trial would have changed. Ruzicka has not shown there is a reasonable probability that the

---

[1] To the extent that Ruzicka argues that the jury would have made an adverse credibility inference had they known of this threat, the same adverse inference could have been made based on Nelson's plea agreement with the United States, of which the jury was aware. The Court is not convinced that evidence of the threat would have changed the jury's credibility determinations with regard to Nelson.

-6-

outcome would have been different had this information been disclosed, and the Court's confidence in the outcome is not undermined.

In short, Ruzicka has done nothing to substantiate his allegations and has done nothing to support his argument that a "sea change" would have resulted if the AUSAs had disclosed the alleged threat. Accordingly, the Court will deny his Motion for a New Trial.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Ruzicka's Motion for a New Trial [Docket No. 642] is **DENIED**.

2. Defendant W. Jeffrey Taylor's Motion to Join [Docket No. 651] is **DENIED** as moot.

DATED:  March 15, 2019              \_\_\_\_\_s/John R. Tunheim\_\_\_\_
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                                     Chief Judge
                                          United States District Court