# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 16-246 (JRT/SER) |
| Plaintiff, | **FILED UNDER SEAL** |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND DENYING RUZICKA'S MOTION FOR RECONSIDERATION** |
| JEROME C. RUZICKA (1), W. JEFFREY TAYLOR (3), | |
| Defendant. | |

Erica H. MacDonald, United States Attorney, and Benjamin F. Langner, Craig R. Baune, and Surya Saxena, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

John C. Conard, **JOHN C. CONARD PLLC,** 310 Fourth Avenue South, Suite 5010, Minneapolis, MN 55415, for defendant Ruzicka.

William J Mauzy and Casey T. Rundquist, **MAUZY LAW PA,** 800 Hennepin Avenue, Suite 800, Minneapolis, MN 55403, for defendant Taylor.

Defendant Jerome C. Ruzicka brings two motions based on alleged misconduct by the United States. Both motions relate to the United States' nondisclosure of a pre-trial reverse proffer meeting held with one of Ruzicka's co-defendants. First, Ruzicka moves the Court to compel the United States to turn over the documentation used at the reverse proffer meeting and prepared after the meeting. (Mot. to Compel, Mar. 12, 2019, Docket No. 652.) Second, Ruzicka moves the Court to reconsider its previous order denying a motion for new trial, arguing that the Court erred in denying his motion and in denying

him a hearing on his motion. (Mot. to Reconsider, Mar. 26, 2019, Docket No. 656.) Because the United States should have disclosed the reverse proffer meeting before trial, the Court will grant Ruzicka's Motion to Compel. However, because Ruzicka has failed to show that he was prejudiced by the nondisclosure, the Court will deny his Motion for Reconsideration.

## BACKGROUND

The facts of this case are fully laid out in the Court's prior post-trial orders, *see, e.g.*, *United States v. Ruzicka*, 333 F. Supp. 3d 853 (D. Minn. 2018), and the Court will include only relevant facts here.

On January 29, 2019, Ruzicka filed a motion for a new trial alleging that the United States violated its *Brady* obligations. (Mot. for New Trial, Jan. 29, 2019, Docket No. 642.) Ruzicka claimed to have "access to first hand knowledge" that the United States improperly threatened one of Ruzicka's codefendants, Scott Nelson, to compel him to testify against Ruzicka. (*Id.* at 2.) Ruzicka alleged that the United States threatened Nelson by telling him that, if he did not cooperate, prosecutors would make public the information they knew about Nelson's affair with his assistant. (*Id.*) Ruzicka further claimed that the threat was never disclosed to him, and that the United States' failure to disclose the threat constituted a *Brady* violation. (*Id.* at 4.) Ruzicka did not provide any relevant details regarding the alleged threat or how he came to know about it. Nevertheless, he requested that the Court grant a hearing on his motion to allow him to further develop his allegations. (*Id.* at 1, 6.)

In response, the United States categorically denied threatening Nelson. (Response to Mot. for New Trial at 3, Feb. 15, 2019, Docket No. 646.) The United States did,

however, acknowledge that "[p]rior to Nelson agreeing to plead guilty, the government met with Nelson on only one occasion, on March 23, 2017," a meeting which was attended "by Nelson's attorneys as well as several federal agents and government attorneys." (*Id.*) At the meeting "the government reviewed the evidence that it anticipated offering at trial" against Nelson. (*Id.*) This evidence included the testimony of Nelson's assistant, who could testify regarding her affair with Nelson. (*Id.*)

In reply, Ruzicka asserted that he was never informed of the March 23 meeting and insinuated that it must have been the very meeting at which Nelson was threatened. (Reply at 1-2, Feb. 20, 2019, Docket No. 647.) Ruzicka further argued that the United States' response corroborated his allegations because the United States admitted it spoke with Nelson about evidence of the affair. However, Ruzicka provided no further details about the information he claimed to have received regarding the alleged threat.

The Court denied Ruzicka's *Brady* motion and his request for a hearing. (Order at 6, Mar. 15, 2019, Docket No. 654.) The Court stated that "to establish a *Brady* violation, Ruzicka must show that '(1) the evidence at issue is material and favorable to the defendant; (2) the evidence was suppressed by the government; and (3) the defendant was prejudiced by the suppression.'" (*Id.* at 4 (citing *United States v. Parker,* 267 F.3d 839, 846 (8th Cir. 2001).) The Court declined to find a *Brady* violation in large part because Ruzicka's allegations regarding the threat were completely unsubstantiated. (*Id.*) It noted that Ruzicka "declined to provide the name of the witness and ha[d] not explained how the witness came to know of the alleged threat . . . [i]nstead, he relie[d] on the mere assertion that a threat was made and that Nelson felt threatened." (*Id.*)

Further, the Court held that Ruzicka did "not explain how the outcome of the trial would have been different had the threat been disclosed," and therefore failed to show prejudice. (*Id.* at 5.) The Court noted that:

> Ruzicka's arguments focus on the AUSAs' concealment of the threat despite their burden to disclose it. However, Ruzicka does not explain how the outcome of the trial would have been different had the threat been disclosed. He vaguely asserts that, because the jury relied on Nelson's testimony in its verdict, "the fact that he was testifying under a threat . . . would have been a sea change." (Mot. for New Trial at 5.) But Ruzicka does not allege that the AUSAs threatened Nelson in order to elicit false testimony by Nelson. Nor does he allege that Nelson testified falsely as a result of the alleged threat. Indeed, in cross examining Nelson, Ruzicka underscored the truthfulness of Nelson's testimony. Ruzicka only alleges that Nelson agreed to cooperate because of the threat. Without more specific arguments, Ruzicka leaves the Court to hypothesize as to how the outcome of the trial would have changed. Ruzicka has not shown there is a reasonable probability that the outcome would have been different had this information been disclosed, and the Court's confidence in the outcome is not undermined.

(*Id.* at 5-6). Additionally, the Court stated that "[t]o the extent that Ruzicka argues that the jury would have made an adverse credibility inference had they known of this threat, the same adverse inference could have been made based on Nelson's plea agreement with the United States, of which the jury was aware." (*Id.* at 5, note 1.)

Ruzicka now moves the Court to compel the United States to "disclose the notes, records, presentation materials, and documents from the recently unveiled March 23, 2017" meeting. (Mot. to Compel at 1.) Ruzicka requested the materials from the United States

-4-

after the United States' responded to his *Brady* motion, but the materials have not been disclosed. (*Id.* at 3-4.)

Ruzicka's also moves the Court to reconsider its order denying his *Brady* motion and denying him a hearing on that motion. Ruzicka again asks the Court for a hearing, claiming that a hearing would allow him to substantiate his allegations regarding the supposed Nelson threat. He acknowledges that his original *Brady* motion lacked details but argues that the United States' response to his *Brady* motion sufficiently corroborated his allegations such that the Court should grant him a hearing. He further argues that the United States' failure to disclose the March 23 meeting prejudiced him because, had he known about the meeting, he may have employed a different trial strategy.

## ANALYSIS

### I.   MOTION TO COMPEL

Ruzicka seeks disclosure of the notes and presentation materials relevant to the March 23 Nelson meeting. He argues that the disclosure of these materials was and remains required under Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).

In response to Ruzicka's various motions, the United States "endeavored to collect and review all materials used at, or generated in relation to" the meeting. (U.S. Response at 2, Mar. 29, 2019, Docket No. 657.) Pursuant to this search the United States located a Powerpoint presentation that was shown to Nelson, an FBI agent's notes from the meeting, and a report summarizing what prosecutors told Nelson during the meeting. It also located

an email from Nelson's counsel that was sent after the meeting, in which Nelson rejected the plea offer presented to him at the meeting.

Under *Brady*, the United States must disclose evidence favorable to the defendant that is material to the defendant's guilt. *Brady*, 373 U.S. at 87. *Giglio* extended this general rule to evidence which may affect the credibility of the United States' witnesses. *Giglio*, 405 U.S. at 154-55 ("[E]vidence of any understanding or agreement as to future prosecution [is] relevant to such witness' credibility, and the jury [is] entitled to know of it.").

Accordingly, the United States admits that "[c]ertainly, had any undisclosed threats, promises, agreements, understandings, or inducements to plead guilty or testify been conveyed to Nelson during the reverse proffer [meeting] then such information would be subject to disclosure as *Brady/Giglio* evidence." (U.S. Response at 7.) However, the United States nevertheless argues that the Powerpoint, agent notes, and agent report do not fall under *Brady/Giglio* because "there were no threats made, and no arguable impeachment evidence is reflected in the . . . reverse-proffer materials." (*Id.*)

The United States offered the Court an *in camera* review of the materials, and the Court has conducted such review. The materials largely corroborate the United States' assertions that the March 23 meeting was a routine reverse proffer during which Nelson was shown the evidence against him and presented with a plea offer. There is nothing in the materials that suggests any threat was made to Nelson, as Ruzicka contends.

However, simply because no threats were conveyed to Nelson does not mean that the materials were not subject to disclosure under *Brady* and *Giglio*. While the United

-6-

States emphasizes that no threat was made, it ignores the fact that this meeting was clearly an attempt to induce Nelson to cooperate and testify. In fact, the agent's report—which summarized the meeting—explicitly states that the United States "advised Scott Nelson that the reverse proffer presentation is in hopes of a potential guilty plea **and cooperation."** The United States' attempt to construe the meeting as one not meant to induce cooperation is unpersuasive given the context and the explicit notations of the agent.   And, as the United States acknowledges, meetings meant to induce cooperation are "subject to disclosure as *Brady/Giglio* evidence." (U.S. Response at 7.) Accordingly, the Court finds that the Nelson meeting should have been disclosed to Ruzicka and will grant Ruzicka's Motion to Compel as to the Powerpoint, agent notes, and agent report.

## II.    MOTION TO RECONSIDER

Ruzicka also brought a motion urging the Court to reconsider its order denying his original *Brady* motion and denying him a hearing on the motion. In particular, Ruzicka argues that the Court erred in denying him a hearing.

As an initial matter, "[t]he decision whether to hold a hearing" on a motion for a new trial "is within the broad discretion of the district court." *United States v. Begnaud*, 848 F.2d 111, 113 (8th Cir. 1988) (citing *United States v. Cardarella*, 588 F.2d 1204, 1205 (8th Cir. 1978); *United States v. Bednar*, 776 F.2d 236, 238 (8th Cir. 1985)). Further, "[t]he necessity for a hearing is lessened in cases involving challenged testimony where the trial judge has had the opportunity to observe the demeanor and weigh the credibility of the witness at trial." *Id.* (citing *United States v. Ward*, 544 F.2d 975, 976-77 (8th Cir. 1976)). In its discretion, the Court concluded that no hearing was necessary in this case.

Nevertheless, Ruzicka argues that the Court should have granted him a hearing on his motion because some of his allegations were corroborated by the United States' response to his *Brady* motion, and a hearing would have helped him develop the factual basis for a more detailed *Brady* motion. In particular, Ruzicka focuses on the fact that the United States only conceded that a previously undisclosed meeting took place between Nelson and the United States after he brought these post-trial motions. Because he still believes that a hearing is necessary, he urges the Court to reconsider its denial.

Ruzicka's arguments ignore the basis for the Court's ultimate conclusion. The Court held that, even if Ruzicka's allegations were true and a hearing established that Nelson was threatened, Ruzicka did not show that he was prejudiced under *Brady*. *See Parker,* 267 F.3d at 846. Even taking Ruzicka's threat allegations as true, the Court nevertheless found that "Ruzicka [did] not explain how the outcome of the trial would have been different had the threat been disclosed." (Order at 5.) At best, Ruzicka alleged only that Nelson cooperated and testified because of the alleged threat. However, the Court noted that:

> To the extent that Ruzicka argues that the jury would have made an adverse credibility inference had they known of this threat, the same adverse inference could have been made based on Nelson's plea agreement with the United States, of which the jury was aware. The Court is not convinced that evidence of the threat would have changed the jury's credibility determinations with regard to Nelson.

(Order at 5, note 1.)

Ruzicka does nothing to address this shortcoming in his Motion to Reconsider. Instead, he vaguely argues that "there are numerous . . . ways in which trial strategy and

-8-

presentation, including the strategy used with this witness, would have changed." (Mot. to Reconsider at 13.) He further states that "it is impossible to know how the information – if properly disclosed – could have been utilized at trial." (Reply at 10.) In making this argument, however, Ruzicka misunderstands the standard he must meet under *Brady*'s prejudice prong. Ruzicka must show that "the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." *Strickler v. Greene*, 527 U.S. 263, 281 (1999). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome [of the trial]." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Ruzicka cannot establish prejudice "through the mere possibility that the suppressed evidence might have influenced the jury." *U.S. v. Ryan*, 153 F.3d 708, 712 (8th Cir. 1998).

Thus, prejudice under *Brady* is not based on whether trial strategy may have changed, but whether the outcome of the trial would have changed. As stated in the Court's previous order, even if Ruzicka's allegations proved true, he has not shown that the outcome of his trial would have been different. The Court again finds that Ruzicka has not shown—even if a hearing were granted—his *Brady* claim would have merit. Accordingly, the Court will deny his Motion to Reconsider.[1]

---

[1] Ruzicka additionally argues that the Court should sanction the government for its alleged Rule 16 discovery violations by declaring a mistrial or by granting him a new trial. The Court will decline to do so, in part because Rule 16 sanctions motions are primarily used in the pre-trial context. In fact, the Court can find no other cases in which a court granted Rule 16 sanctions post-trial. Instead, the Court finds that the proper vehicle for Ruzicka's allegations is his *Brady* motion, which the Court denies.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Taylor's Motions to Join [Docket Nos. 655, 658] are **GRANTED.**

2. Defendant Ruzicka's Motion to Compel [Docket No. 652] is **GRANTED**. The United States is ordered to turn over the materials prepared for the undisclosed Nelson meeting, as well as the reports prepared pursuant to that meeting.

3. Ruzicka's Motion for Reconsideration [Docket No. 656] is **DENIED**.

**IT IS FURTHER ORDERED** that the parties are to show cause on or before fourteen (14) days from the date of this Order why the Court should not unseal the Order after the United States has turned over the materials as directed and to specify any portion of the Order warranting redaction.

DATED: May 14, 2019  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court